IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTURO MADRIGAL, | § § | |
| *Plaintiff,* | § § | SA-25-CV-01005-OLG |
| vs. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Defendant.* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] and proposed Complaint [#1-1], which were automatically referred to the undersigned upon filing for disposition and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned therefore has authority to enter this order and report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case. Having considered the IFP motion and documentation provided by Plaintiff, the undersigned will grant Plaintiff's motion to proceed IFP but recommend that his Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

**I. Analysis**

A.   **Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The undersigned will therefore grant Plaintiff's motion to proceed IFP.

**B.     Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.  The undersigned has reviewed Plaintiff's proposed Complaint and finds that it should be dismissed under Section 1915(e).

Plaintiff's proposed Complaint arises out of an alleged failure of the United States to provide him with notice of civil forfeiture proceedings concerning two pieces of real property located at 6451 Babcock Road and 6301 Melissa Ann Street, San Antonio, Bexar County, Texas.  According to Plaintiff's Complaint, these properties were purchased with criminal proceeds directly derived from the extortion and unauthorized sale of Plaintiff's intellectual property, the screenplay *Myriam, Mother of Christ*.  (Compl. [#1-1], at 1.)  Plaintiff alleges that the failure of the United States to notify him of the forfeiture proceedings and to provide him with the

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See   District   Court   Miscellaneous   Fee   Schedule,   available   at* http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

proceeds from the sale of these properties constitutes a violation of his rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771; the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A; and the Fifth Amendment. (*Id.*) Plaintiff believes he is the rightful owner of the properties and entitled to their full value as a victim with priority for restitution. Plaintiff asserts that he is currently facing imminent eviction from his residence, which is a direct consequence of the Government's decades-long failure to fulfill its restitution obligations. (*Id.* at 3.) In evaluating Plaintiff's proposed Complaint, the undersigned has also considered his supplemental filings [#4, #8, #9].

Plaintiff's Complaint fails to state a plausible claim for relief. The documents attached to Plaintiff's Complaint, as well as matters of public record of which the Court may take judicial notice, establish that the Government complied with due-process requirements in publishing notice of the forfeiture; Plaintiff lacks standing to contest the forfeiture; and Plaintiff's claims are time-barred.

Plaintiff's Complaint relates to criminal proceedings initiated in 2010 and 2011 in this Court against several members of a criminal organization involved in a money-laundering and drug-trafficking enterprise. *See United States v. Sanchez-Garza, et al.*, 5:10-CR-01088-XR; *United States v. Sanchez-Garza, et al.*, 5:11-CR-00616-XR. Plaintiff was the victim of an extortion scheme involving the kidnapping of his brother to force him to sign over his rights to his movie script in 2008 and served as a confidential informant for the Drug Enforcement Administration regarding the criminal organization. *See United States v. Real Properties Located and Situated at Babcock Road and Melissa Ann Street, San Antonio, Bexar County, Texas*, 5:14-cv-00283-OLG (dkt. 1-4, at 2–5). Members of the criminal organization purchased the real property identified in Plaintiff's Complaint in 2008 with the extortion proceeds received

from the sale of Plaintiff's screenplay, as well as proceeds generated from the distribution and sale of controlled substances. *Id.* (dkt. 1-4, at 16.) The two criminal cases resulted in criminal judgments listing the real property as property subject to forfeiture. *See United States v. Sanchez-Garza, et al.*, 5:10-CR-01088-XR (dkt. 86) (June 12, 2013); *United States v. Sanchez-Garza, et al.*, 5:11-CR-00616-XR (dkt. 84) (Sept. 24, 2012). Plaintiff obtained a default judgment in a civil action from this Court on April 17, 2023, regarding his right to the intellectual property extorted by the criminal organization. *See Macri, Inc.v . Jorge Vasquez Sanchez*, 5:12-CV-00457-OLG (dkt. 12).

The Government initiated civil forfeiture proceedings in 2014 seeking forfeiture of the two properties at issue to the United States. *See United States v. Real Properties Located and Situated at Babcock Road and Melissa Ann Street, San Antonio, Bexar County, Texas*, 5:14-cv-00283-OLG. The Government posted the forfeiture on an official government website for at least 30 consecutive days, beginning on June 18, 2014, and ending on July 17, 2014, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *Id.* (dkt. 22). The Court issued a Default Judgment of Forfeiture in the case on July 7, 2015, finding that the real property was subject to forfeiture. *Id.* (dkt. 26). An Amended Default Judgment of Forfeiture was entered on January 4, 2016, to correct the legal description of one of the properties (dkt. 28). The Court found that the Government had proved by the preponderance of the evidence that there was a nexus between the real properties and the extortion violations and that the property was subject to forfeiture. Additionally, the Court determined that all potential claimants were adequately served by internet publication of public notice and that no claims or answers were filed except those of the Bexar County Taxing Authorities.

The forfeiture proceedings in this case are governed by the Civil Asset Forfeiture Reform Act ("CAFRA"). Since CAFRA's enactment in 2000, federal courts no longer have jurisdiction to provide equitable remedies regarding civil forfeitures, as CAFRA provides the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *See* 18 U.S.C. § 983(e)(5).[2]

Once an administrative forfeiture is complete, the district court may review only "whether the forfeiture comported with constitutional due process guarantees." *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007). Plaintiff argues the forfeiture of real property in this case was not conducted in accordance with due process because he did not receive notice of the forfeiture and therefore did not have the ability to file a claim to assert his interest in the property and/or the proceeds of its sale.

The notice provisions of Rule G(4)(b) of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions "codify and restate prevailing due process requirements governing adequate notice." *United States v. Davenport*, 668 F.3d 1316, 1322–23 (11th Cir. 2012). According to the Supplemental Rules, the United States must send written notice "to any person who reasonably appears to be a potential claimant" and must also publish notice "on an official internet government forfeiture site for at least 30 consecutive days" to notify all potential claimants of the action. *See* Supplemental Rule G(4). Any person who asserts an interest in the property subject to forfeiture in a civil forfeiture proceeding "may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a).

---

[2] Accordingly, insofar as Plaintiff is seeking equitable remedies through this case, this Court is without jurisdiction to consider his arguments because they are foreclosed by CAFRA. *See Conard v. United States*, 470 Fed. App'x 336, 339 (5th Cir. 2012).

If a party "with an interest in forfeited funds failed to receive constitutionally adequate notice, the administrative forfeiture is void and must be vacated." *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005). To withstand scrutiny under the Due Process Clause, the Government's notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Taylor*, 483 F.3d at 388 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Dusenbery v. United States*, 534 U.S. 161, 170 (2002). Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice. *Dusenbery*, 534 U.S. at 170–72.

The court records from the civil forfeiture proceeding at issue establish that the Government satisfied the publication requirement imposed by the Supplemental Rules because the Government posted notice of the forfeiture on a government website for 30 days. *See United States v. Real Properties Located and Situated at Babcock Road and Melissa Ann Street, San Antonio, Bexar County, Texas*, 5:14-cv-00283-OLG (dkt. 22). Plaintiff appears to be arguing, however, that he was entitled to direct notice because, as a victim of the extortion scheme underlying the criminal restitution order, he was a known potential claimant of an interest in the real property at issue. This theory is legally flawed.

Even though Plaintiff was a victim of the criminal enterprise underlying the civil forfeiture proceeding, he was not considered a known potential claimant with an interest in the real property at issue. "A fraud victim who voluntarily transfers property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor." *United States v. BCCI Holdings, Luxembourg, S.A.*, 69 F.

6

Supp. 2d 36, 59 (D.D.C. 1999). "Title to the funds in question no longer belongs to the victim; it belongs to the defendant." *Id.* Therefore, when Plaintiff transferred property to the criminal enterprise, he surrendered title to that property and became nothing more than an unsecured creditor with respect to any claim to that property or its proceeds. *See id.*; *see also United States v. Eldick*, 223 Fed. App'x 837, 839–40 (11th Cir. 2007); *United States v. Byers*, No. CR 19-00024-BAJ-EWD, 2020 WL 2205049, at *1 (M.D. La. May 5, 2020). Plaintiff appears to be arguing that his case is distinct because he obtained a default judgment regarding his rights to his intellectual property and the real property can be traced to his property interest. Yet there is no legal authority supporting Plaintiff's position. Plaintiff's "ability to trace his property to [the criminal organization's] assets is irrelevant." *United States v. 8 Gilcrease Lane, Quincy Fla. 32351*, 641 F. Supp. 2d 1, 5 & n.2 (D.D.C. 2009) (citing *BCCI* Holdings, 69 F. Supp. 2d at 59). Plaintiff may have an ownership interest in his intellectual property but not the real property at issue. As an unsecured creditor, Plaintiff was not a known claimant with a right to individual written notice of the forfeiture, as his interest was not within the zone of interest intended to be protected in the civil forfeiture proceeding. *United States v. Real Prop. Located at 730 Glen-Mady Way, Folsom, Sacramento Cnty., CA*, 590 F. Supp. 2d 1295, 1302 (E.D. Cal. 2008). Plaintiff therefore cannot plead a plausible due-process violation based on a right to individual written notice of the forfeiture proceedings under CAFRA.

For this same reason, Plaintiff lacks standing to seek restitution payments through this lawsuit. Congress granted the Attorney General sole discretion to address claims by victims through a remissions process that occurs after the successful prosecution of a forfeiture case. *See* 18 U.S.C. § 981(d) ("The Attorney General shall have sole responsibility for disposing of petitions for remissions or mitigation with respect to property involved in a judicial forfeiture

proceeding."). Victims of a fraudulent scheme involving money laundering or fraud do not have standing to file suit based on an assertion of ownership in forfeiture proceeds or to challenge the civil forfeiture of their debtors' property. *United States v. Approximately $133,803.53 in U.S. Currency Seized from Washington Mut. Bank, N.A., Acct. #£4420842802, held in the Name of Advantage Fin.*, 683 F. Supp. 2d 1090, 1095 (E.D. Cal. 2010); *see also BCCI Holdings*, 69 F. Supp. 2d at 59. Without an ownership or interest in the property at issue, Plaintiff lacks standing to create a case or controversy regarding the forfeited property. *See United States v. $7,599,358.09*, No. CIV.A. 10-5060 SRC, 2011 WL 3611451, at *2 (D.N.J. Aug. 15, 2011).

Additionally, any claim attempting to set aside the forfeiture is time-barred under CAFRA. Any motion to set aside a forfeiture based on a lack of notice must be filed no later than five years after the date of final publication of notice of seizure of the property. 18 U.S.C. § 983(e)(3). The Government posted notice of the seizure of the real property at issue in June and July of 2014, over ten years ago. Because more than five years have elapsed since the final publication of notice of civil forfeiture, Plaintiff's attempt to challenge the forfeiture proceedings is time-barred.[3]

Plaintiff argues the Government's failure to provide him with restitution is an ongoing violation that tolls any applicable statute of limitations. Plaintiff alleges that he only recently discovered his enforceable property rights and restitution claims and has acted with diligence in filing this action. (Compl. [#1-1], at 3.) There is no basis to equitably toll this deadline. The doctrine of equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). The Fifth Circuit has held that it generally grants

---

[3] Plaintiff's proposed Complaint repeatedly requests that the Court impose a constructive trust throughout this proposed Complaint. Any such claim based on a theory of a cause of action for constructive trust under Texas law is also time-barred. The statute of limitations in Texas for a constructive trust is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a).

requests for equitable tolling only where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation and citation omitted). There are no such allegations in Plaintiff's proposed Complaint, and the other defects identified in Plaintiff's pleadings render any argument for equitable tolling moot.

Finally, as to Plaintiff's invocation of the Crime Victims' Rights Act ("CVRA") and the Mandatory Victims Restitution Act ("MVRA"), there is no private right of action under either statute. *See* 18 U.S.C. § 3664(p) ("Nothing in [the MVRA] . . . shall be construed to create a cause of action not otherwise authorized in favor of any person against the United States or any officer or employee of the United States."); 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.").

In summary, Plaintiff's proposed Complaint fails to state a claim under the CVRA, MVRA, or Fifth Amendment in connection with the 2014 forfeiture proceedings regarding the real property at issue. In light of the foregoing, the District Court should dismiss Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915(e).

The undersigned acknowledges that Plaintiff has also filed several additional motions and requests in this case [#3, #10, #11, #12]. These motions have not been referred to the undersigned and have not been addressed herein. However, if the District Court adopts the

undersigned's recommendation to dismiss Plaintiff's Complaint under Section 1915, these motions may be dismissed as moot by the District Court.

## II. Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

Additionally, having considered Plaintiff's proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned **recommends** that Plaintiff's Complaint be **DISMISSED** pursuant to Section 1915(e).

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file

timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 25th day of August, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE